UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:24-mj-1202-LLL

YURIDIA ROSAS-LUNA
_____

### UNITED STATES' UNOPPOSED MOTION TO DEPOSE MATERIAL WITNESS PURSUANT TO FED. R. CRIM. P. 15

The United States of America, by the undersigned Assistant United States Attorney and pursuant to Fed. R. Crim. 15, hereby moves for an order authorizing the government to take the deposition of material witness Genry De Leon-Thomas for use at the trial of this case. The charge in this case alleges that the defendant transported aliens who were unlawfully present in the United States, for the purpose of private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(i). Genry De Leon-Thomas, a citizen of Mexico who is illegally present in the United States, was a passenger in a vehicle being driven by the defendant when it was stopped by the Nassau County Sheriff's Office. Genry De Leon-Thomas has no previous encounters with immigration authorities. However, Genry De Leon-Thomas did not have the consent of the

Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or enter the United States.

The government seeks authorization to take Genry De Leon-Thomas's deposition for use at trial because he is unlawfully present in the United States and may, and likely would, be unavailable for trial. An Immigration and Customs Enforcement detainer is currently lodged against him. He is certain to be removed from the United States to Mexico and his removal to another country will put him beyond the reach of a trial subpoena. He is necessary for trial because he provided information to immigration officers that will be an important part of the government's proof at trial. The information he provided is described in the affidavit attached to the complaint in this case. See doc. 1 at 11.

Fed. R. Crim. P. 15(a)(1) provides that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial" and that "[t]he court may grant the motion because of exceptional circumstances and in the interest of justice." "When a prospective witness is unlikely to appear at trial and his or her testimony is critical to the case, simple fairness requires permitting the moving party to preserve that testimony—by deposing the witness—absent significant countervailing factors which would render the taking of the deposition unjust." United States v. Drogoul, 1 F.3d 1546, 1552 (11th Cir. 1993). "The Eleventh Circuit [has] determined that district courts should evaluate three factors

when deciding a Rule 15 motion as follows: 'whether (1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render taking the deposition unjust to the nonmoving party.'" United States v. O'Sullivan, 553 F. Supp.2d 1349, 1351 (M.D. Fla. 2008) (Covington, J.) (quoting United States v. Ramos, 45 F.3d 1519, 1522-23 (11th Cir. 1995) (citing Drogoul, 1 F.3d at 1554)). "While use of a deposition at trial may necessitate a conclusive showing of a witness' unavailability for trial, such is not required prior to taking a FRCrP 15(a) deposition. *Drogoul*, 1 F.3d at 1553. What is required is 'a substantial likelihood . . . that the proposed deponent will not testify at trial.' *Id*." United States v. Des Marteau, 162 F.R.D. 364, 368 (M.D. Fla. 1995) (Snyder, M.J.).[1] Furthermore, the statute under which the defendant is charged, 8 U.S.C. § 1324, specifically recognizes that depositions of deportable aliens may be necessary to prove a harboring, smuggling, or transportation charge, providing as follows:

> Notwithstanding any provision of the Federal Rules of Evidence, the videotaped (or otherwise audiovisually preserved) deposition of a witness to a violation of subsection (a) who has been deported or otherwise expelled from the United States, or is otherwise unable to

---

[1] See also United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998) ("Rule 15(a) does not require any conclusive showing of 'unavailability' or 'material testimony' before a deposition can be taken in a criminal case. Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial").

      testify, may be admitted into evidence in an action brought for that violation if the witness was available for cross examination and the deposition otherwise complies with the Federal Rules of Evidence.

8 U.S.C. § 1324(d).

In the present case, that Genry De Leon-Thomas will be removed from the United States makes it substantially likely that he will be unavailable for trial. Granting the motion to take the deposition will serve the interest of justice because it will ensure that relevant, material, and necessary evidence will be presented at the defendant's trial. If the deposition is not permitted, the jury will not hear Genry De Leon-Thomas's testimony and it will be more difficult for the government to prove its case, which could, in essence, permit the defendant to be acquitted without a jury having the opportunity to hear all of the evidence and, based upon that evidence, to decide whether the defendant is guilty of the charged offense. Such a result would be far from just, and there are no countervailing factors that would cause injustice to the defendant.

Courts have permitted depositions of material witnesses in circumstances similar to those in the present case. In United States v. Allie, 978 F.2d 1401, 1403 (5th Cir. 1992), immigration authorities found three aliens living and working on the defendant's property. Because the aliens did not possess documents permitting them to be in the United States, the defendant was charged with harboring. Id. The three aliens were detained as material witnesses. Id. Because

the district court's standing order mandated the release of detained witnesses after 60 days, the government filed a motion to extend the witnesses' detention or, in the alternative, to take their depositions, as the 60-day period would expire before the defendant's scheduled trial. Id. The court denied the request to extend the witnesses' detention but permitted the government to depose the witnesses. Id.

On appeal, the defendant argued that no exceptional circumstances existed to justify the depositions under Rule 15(a). Id. at 1404. The district court had held that exceptional circumstances existed because the standing order mandated the witnesses' release before trial, because the aliens were illegally present in the United States and did not have ties to the district, and because the government would be unable to make its case against the defendant without their testimony. Id. at 1405. The appellate court held that the district court did not abuse its discretion in finding exceptional circumstances, holding that "the fact that the witnesses would be released in compliance with the . . . standing order, and the indications that they were likely to return to Mexico, constituted exceptional circumstances." Id.

Similarly, in the present case, that Genry De Leon-Thomas will be removed to Mexico constitutes an exceptional circumstance under Rule 15(a)(1). See also United States v. Matus-Zayas, 655 F.3d 1092, 1096, 1100 (9th Cir. 2011) (upholding magistrate judge's finding that depositions were appropriate because

"the material witnesses were in the country illegally, criminal charges had not been filed against the witnesses, and the witnesses would be deported to Mexico if released, thereby depriving the government of 'authority . . . to obligate them to return for the giving of testimony'" (apparently quoting magistrate judge)); United States v. Li, 2008 WL 4104062, at *3 (E.D. Wis. Sept. 4, 2008) (exceptional circumstances existed because "[w]ere the court to conditionally release [the witnesses], they would no doubt be scooped up by ICE and given a one-way trip to their countries of origin.  And were that to occur, the interests of justice surely would not be well served.  This is because their absence might very well render the government unable to prove the charges against the defendant . . ."); United States v. Lai Fa Chen, 214 F.R.D. 578, 580 (N.D. Cal. 2003) ("[B]ecause the future status of the detained material witnesses is uncertain, an order providing a mechanism to secure their testimony is appropriate and 'in the interest of justice' under Rule 15(a)(1)").

Consideration of these legal principles in view of the circumstances of this case demonstrates that the deposition of Genry De Leon-Thomas should be authorized. The government has made arrangements to conduct the deposition, in person, from 11:00 a.m. to 12:30 p.m. on June 3, 2024.  The depositions will be audio and video recorded for use at trial.  If the Court grants this motion and the deposition is taken, the government, if appropriate and necessary, will later file

another motion seeking permission to use the deposition at trial. Undersigned counsel has conferred with the defendant's counsel, who stated that he does not oppose this motion.

                              Respectfully submitted,

                              ROGER HANDBERG
                              United States Attorney

By:  */s/ Elisibeth Adams*
      ELISIBETH ADAMS
      Assistant United States Attorney
      Florida Bar No. 1015275
      300 North Hogan Street, Suite 700
      Jacksonville, FL 32202-4270
      Telephone:  (904) 301-6300
      Facsimile:   (904) 301-6310
      E-mail:      elisibeth.adams@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

James Glober, Esq.

                              */s/ Elisibeth Adams*
                              ELISIBETH ADAMS
                              Assistant United States Attorney